BROOKE, P.,
delivered the opinion. Every plaintiff ought so to present his case to the court, that judgment may be rendered in his favor, without, in any degree, doing injustice to the .defendant. Erom this principle, the proceedings and judgments of the county court, in these cases, exhibit a total departure. The judgments rendered against the sheriff, were for much larger sums than it was possible he could be justly accountable for. The court made no allowances for insolvencies, which must have amounted to a very considerable sum. The assessments for the support of the poor, were imposed, like the county levies, not upon property, but on persons : it was a capitation tax on all ty the-ables ; that is, all males above the age of sixteen, and female slaves above that age r whereas the public taxes were assessed on property only. There would of necessity, therefore, be a greater loss in the collection of the county levies and poor rates, than in the collection of the public taxes. The levies and poor rates were assessed on all, whether they had property or not; and such of them as had none, could not be compelled to pay by distress, the only remedy for inforcing *437 payments : in the case of the public taxes, those who had taxable property were generally able, and compellable to pay, by distress, if necessary. Now, we know, that the loss by insolvencies, in the collection of the public taxes, is always very considerable ; the sheriff being required to return a list of insolvents as to public taxes, for the examination of the county courts, in order to enable the auditor to settle his accounts of the taxes collected. *In the case of county levies and poor rates, the sheriff is not required to make a return of insolvencies to the court, but is intitled to a credit for all Insolvencies which he can shew on the settlement of his accounts. The failure of the ■appellee, therefore, to return a list of insolvents in respect to the public taxes, can have no effect in this case; since such a return would have afforded no information as to the amount of insolvencies, for which he ought to have credit, upon the settlement of his accounts of the collection of the poor rates. Those insolvencies probably amounted to a large proportion of the balances claimed as unaccounted for. This state of things renders it really impossible to ascertain the insolvencies in the collection of the poor rates of 1803 and 1804 ; yet great injustice will be done the sherilf, if no allowance is made for them. This difficulty, it was argued, oug'ht to have been removed by the appellee : but the answer is, that the negligence that has produced it, is in a greater degree imputable to the appellants than to him. Upon these notions made against the sheriff at so late a day, it is impossible to do him justice. In the case of Ross v. Darby, 4 Munf. 428, the court held, that a lapse of less than twenty-two years, connected with other circumstances, was sufficient to discharge a sherilf from a claim for clerk’s fees, on the presumption of payment. The case is not exactly analog-ous to this: but the policy and justice of fixing some limitation to such claims, is not the less strong in the present case. The delay to prosecute these claims for twenty years in each case ought not, under the other circumstances attending them, to be countenanced.
The judgments of the circuit court are affirmed.